PALMER v. KNIGHT.

(Circuit Court, E. D. Pennsylvania. February 28, 1899.)

1. PATENTS—INFRINGEMENT.

A claim for a hammock or bed bottom of woven fabric, having suspension loops "formed of unwoven portions of the threads of the warp of the fabric, substantially as herein described," is not infringed by a hammock, in which the suspension loops are formed from the perfectly woven piece of fabric composing the body of the hammock.

2. SAME—HAMMOCKS OR BED BOTTOMS.

    The Palmer patent, No. 271,510, for an improvement in hammocks or bed bottoms, construed, and *held* not infringed as to claims 1, 2, and 4.

This was a suit in equity by Isaac E. Palmer against Abraham C. Knight for alleged infringement of a patent for an improvement in hammocks or bed bottoms.

Dickerson & Brown, for complainant.
A. B. Stoughton, for respondent.

DALLAS, Circuit Judge. This is a suit upon letters patent No. 271,510, dated January 30, 1883, granted to the complainant for an improvement in hammocks or bed bottoms. The defendant is charged with infringement of claims 1, 2, and 4, which are as follows:

"(1) A hammock or bed bottom of woven fabric, having suspension loops at its ends, formed of unwoven portions of the threads of the warp of the fabric, substantially as herein described. (2) A hammock or bed bottom, having its end composed of doubled portions of a woven fabric, and having said doubled portions united by a series of suspension loops formed of unwoven portions of the same warps, which enter into the weaving of the doubled fabric, substantially as herein described." "(4) A hammock constructed or provided with a pocket for the reception of a pillow, substantially as herein described."

The invention covered by claims 1 and 2 relates wholly to suspension loops, and its fundamental characteristic resides in the provision for forming those loops of unwoven portions of the warps of the fabric. Loops may be said to be thus formed when they are made either of portions of the warp which have not been woven, or of fabric from which, after weaving, the weft threads have been removed. But, however obtained, the material of the loops must be unwoven threads of the warp. That of the defendant is and remains a completely woven fabric. This difference cannot be regarded as formal, for the claims, in terms, pronounce it to be substantial. It cannot be stigmatized as evasive, for it is not within the line of conflict. If the defendant attains the object which Palmer had in view, he does so by means which Palmer either did not perceive, or, perceiving, did not claim. Instead of forming his loops as described in the complainant's specification, the defendant forms them from the perfectly woven piece of fabric which constitutes the body of the hammock. Whether they are better or worse than those of the patent is unimportant. They are not made in accordance with its instructions. They are not substantially the same loops. They are not infringing.

The validity of the fourth claim need not be questioned, but the nature of its subject-matter, and the prior art as well, require its restriction to the particular pocket described; that is to say, to a pocket "made integral with the main portion of the hammock, and * * * formed by folding over the end portions of the fabric on itself, and then sewing or otherwise securing the doubled or folded portion by lines of stitching." Common knowledge and common sense repel the notion that inventive genius was required to provide a hammock with any pocket at all, whether for the reception of a pillow or of anything else; and the pre-existing devices exhibited

in the proofs show that the idea of equipping similar constructions with a receptacle for a head rest was not wholly new with the complainant. The defendant's pocket is not made integral with the main portion of the hammock, and formed by folding over the end portions of the fabric on itself, but is made of a separate piece of material, which is independently united to the main portion. In my opinion, it does not infringe.

The bill will be dismissed, with costs.